**KORAL SALES, INC., Plaintiff,**

v.

**DUN & BRADSTREET, INC.,**
**Defendant.**

**Civ. A. No. 73–C–256.**

United States District Court,
E. D. Wisconsin.

March 14, 1975.

Madrigrano, Ralph & Warren, Kenosha, Wis., for plaintiff.

Reuben W. Peterson, Jr., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

In this diversity action the defendant has moved to dismiss the plaintiff's complaint for failure to state a claim. Plaintiff Koral Sales, Inc., claims that it was injured by a Dun & Bradstreet credit report which was circulated to its subscribers and contained information about the plaintiff which was originally true but became untrue with the passage of time. The defendant claims that the matter must be dismissed as a matter of law because the plaintiff has failed to allege malice. The defendant is correct, and therefore this action is dismissed.

Jurisdiction is based on 28 U.S.C. §§ 1332 and 1441. The law of the State of Wisconsin controls.

Dun & Bradstreet, Inc., is in the business of providing commercial credit reports to its subscribers for compensation. Plaintiff alleges that the reports, "although true on the dates published, became untrue * * *, and that the defendant negligently allowed these untrue reports to remain in the hands of its subscribers." The plaintiff further alleges that the defendant is "under a duty to * * * inform its subscribers when statements made in its services, become untrue."

The defendant predicates its motion to dismiss on three grounds: (1) on failure to allege malice, (2) that the credit report was true and thus privileged, and (3) that the complaint failed to allege special damage. Since the defendant prevails on the first point, it is not necessary to consider the others.

In Wisconsin, as in most of the Nation, a credit report to a mercantile agency is a privileged communication. Negligence alone in the preparation of the report will not subject the defendant to liability. Only a showing of malice, actual or implied, removes the protection of privilege. The subject is thoroughly covered in the annotation set

forth in 40 A.L.R.3rd, 1049 through 1065. At page 1052 it is stated as follows:

"As a general rule, credit agencies are protected by a qualified privilege when communicating to those with a legitimate business interest reports containing information relating to the financial standing, credit, character, responsibility, and general reputation of persons, firms, and corporations engaged in business. This privilege is based upon the legitimate business need for credit reports, and is conditioned on the good faith of the agency making the report. A credit agency is, therefore, usually shielded by its qualified privilege from liability for circulating a credit report which is merely erroneous or inaccurate. Consequently, in seeking to recover damages from a credit agency which has circulated an inaccurate report, a plaintiff must show that the agency was actuated by malice in publishing the report."

Authorities demonstrating the same principle are also collected in 15 Am.Jur. 2d Collection and Credit Agencies § 23, at 574–575; W. Prosser, Law of Torts § 115, at 490 (4th ed. 1971).

The privileged nature of mercantile agencies has been recognized by the Wisconsin Supreme Court in Barker v. Retail Credit Co., 8 Wis.2d 664, 100 N. W.2d 391 (1960). In *Barker,* the Court affirmed by an equal vote a trial court order sustaining a demurrer to the plaintiff's libel complaint. The complaint alleged only that the defendant's report contained false information. As in the instant case, the complaint failed to allege malice on the part of the defendant. In affirming the order sustaining the defendant's demurrer, the Court noted that the only disagreement was whether the complaint alleged sufficient facts to establish the conditional privilege. The Court stated at 665, 100 N.W.2d at 392:

"The court deems it advisable to state that there is no division of opin-

ion that a report of the nature alleged in the complaint, made by a mercantile agency to an insurance company at the latter's request, is conditionally privileged. * * *"

For the above reasons,

It is ordered that defendant's motion to dismiss the complaint be and it hereby is granted.